IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**VINOD PATEL D/B/A**
**VICTORIAN INN,**

**PLAINTIFF,**

vs.                                                         **CIVIL ACTION NO.**
                                                            **JUDGE**_____

**CERTAIN UNDERWRITERS**
**SUBCRIBING TO POLICY NUMBER BD573069,**

**DEFENDANT.**

**PLAINTIFF'S ORIGINAL COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW, VINOD PATEL D/B/A VICTORIAN INN** (hereinafter, referred to as Plaintiff), and file this, its **Original Complaint**, and for causes of action against CERTAIN UNDERWRITERS SUBCRIBING TO POLICY NUMBER BD573069 ("CERTAIN UNDERWRITERS") (hereinafter, referred to as "Defendant"), would show unto the Court and the jury the following:

**PARTIES AND SERVICE OF PROCESS**

1.  Plaintiff **VINOD PATEL** owns the property located at 405 West Tidwell, Houston, Texas 77091 that is the subject of this lawsuit and are situated in Harris County, Texas.

2.  Defendant, CERTAIN UNDERWRITERS SUBCRIBING TO POLICY NUMBER BD573069 is an insuring entity eligible to conduct the business of insurance in Texas under Texas Insurance Code Chapter 981. The insurance policy issued to Plaintiff is underwritten by syndicate numbers AML2001, QBE1886, ATL1206, BRT2987, ARG2121, and MMX2010. Service upon any underwriter serves as service

on all underwriters. Certain Underwriters of Lloyd's, London are citizens of the United Kingdom and their principal place of business is the United Kingdom. This Defendant may be served with personal service by a process server, by serving its Attorney for Service, Mendes & Mount, 750 Seventh Avenue, New York, New York 10016.

## STATUTORY AUTHORITY

3. This suit also brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.,* 541.151 *et seq*., 542.051 *et se.,* and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

## JURISDICTION

4. This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5. This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the property that is the subject of this action.

## NOTICE AND CONDITIONS PRECEDENT

6. Defendant has been provided written notice of the claims made by Plaintiff in this complaint, including a statement of Plaintiff's actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003.

7. All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

# FACTS

8. This lawsuit arises out of the following transactions, acts, omissions, and/or events. Hurricane Harvey struck South Texas on August 25, 2017 over several days and caused catastrophic damage throughout the region. On or about August 25, 2017, Plaintiff's property sustained damages as a result of Hurricane Harvey winds over multiple consecutive days.

9. Plaintiff submitted a claim to Defendant, CERTAIN UNDERWRITERS, pursuant to the contract of insurance, for damages to the property as a result of Hurricane Harvey and asked Defendant CERTAIN UNDERWRITERS to honor its contractual obligations and cover the cost of repairs to the property.

10. Defendant, CERTAIN UNDERWRITERS, accepted the Plaintiff's claim and assigned a claim number of 1649209.

11. CERTAIN UNDERWRITERS assigned a third-party claims administrator, Team One Adjusting Services, LLC, to inspect, investigate and evaluate the claim and assess the damages to the property.

12. Team One Adjusting, on behalf of Defendant CERTAIN UNDERWRITERS assigned Trevor Linhart to inspect, investigate and evaluate the claim, assess the damages to the property.

13. On or about October 6, 2017, Trevor Linhart performed an inspection of the subject insured property. Mr. Linhart provided an estimate of covered damages to the property in the amount of $42,565.33, before the applicable depreciation and deductible were applied.

14. Plaintiff then hired Stevephen Lott of Integrity Claims Services, LLC to inspect the property for damages from Hurricane Harvey, properly investigate and

evaluate the claim and communicate with Defendant and its representatives regarding the claim.

15. Plaintiff and his public adjuster did not agree with Mr. Linhart's assessment of the damages to the property.

16. On or about December 13, 2017, CERTAIN UNDERWRITERS sent Plaintiff a check in the amount of $18,559.38 for the actual cash value of the loss.

17. Plaintiff contacted Team One Adjusting to discuss his disagreement with the coverage determination made by Linhart.

18. On or about February 28, 2018, Team One Adjusting revised its damage estimate and increased the value of the damages to $81,664.67, before the applicable depreciation and deductible were applied.

19. Plaintiff and his public adjuster once again determined that Linhart undervalued and misrepresented the covered damages to the property.

20. On or about April 3, 2018, CERTAIN UNDERWRITERS sent Plaintiff a check in the amount of $37,702.14, as supplemental payment of the claim.

21. Even though the property had sustained extensive damages from the storm, Linhart ignored wind created damages to the property. Linhart completed a results oriented, unreasonable inspection, failed to document all the covered wind damages to the property, ignored facts supporting coverage and improperly denied Plaintiff's damages.

22. Stevephen Lott determined that Plaintiff's property damages were grossly misrepresented by Mr. Linhart and CERTAIN UNDERWRITERS. After inspecting the property, Mr. Lott determined that there was wind damage to the roof and water damage that entered through wind created openings.

23. Plaintiff then retained Richard Clarke of Risk Protection Services to inspect the property and assist in determining the extent of damage to the property. Mr. Clarke inspected the property and provided replacement cost estimates of damages based his inspection of the property in the amounts of $264,889.46.

24. Defendant, CERTAIN UNDERWRITERS relied upon Mr. Linhart's inaccurate and unreasonable report to deny the Plaintiff's damages. Furthermore, Defendant, CERTAIN UNDERWRITERS failed to accept or deny coverage for the remaining damages in writing within the statutory deadline.

25. Based on the improper, inadequate, and incomplete investigation of CERTAIN UNDERWRITERS, and its representatives, the Plaintiff's damages were only estimated at $81,664.67.

26. Defendant, CERTAIN UNDERWRITERS ignored the information provided by the Plaintiff and its public adjuster. Instead, Defendant, CERTAIN UNDERWRITERS chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiff's claim.

27. Defendant, CERTAIN UNDERWRITERS failed to perform its contractual obligation to compensate Plaintiff under the terms of the Policy.

**CAUSES OF ACTION AGAINST DEFENDANT, CERTAIN UNDERWRITERS - COUNT I - BREACH OF CONTRACT**

28. Each of the foregoing paragraphs is incorporated by reference in the following.

29. Plaintiff and Defendant CERTAIN UNDERWRITERS executed a valid and enforceable written insurance contract providing insurance coverage to the insured

location at. The policy provides coverage for the peril of wind, hurricane and rain, such as those sustained during Hurricane Harvey, among other perils.

30. All damages and loss to the Plaintiff's property were caused by the direct result of a peril for which Defendant CERTAIN UNDERWRITERS insured the Plaintiff, pursuant to the policy herein, specifically, the perils of hurricane, wind, and rain.

31. Defendant, CERTAIN UNDERWRITERS sold the subject insurance policy to Plaintiff insuring the subject insured property in its "as is" condition.

32. Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the high winds and rain that occurred during Hurricane Harvey.

33. Plaintiff submitted a claim to Defendant, CERTAIN UNDERWRITERS pursuant to the contract of insurance for damages as a result of high winds and rain that occurred during Hurricane Harvey.

34. Plaintiff provided Defendant, CERTAIN UNDERWRITERS, with proper notice of damage to the exterior and interior of the subject insured property.

35. Defendant, CERTAIN UNDERWRITERS ignored the information provided by the public adjuster and other information provided by Plaintiff that supported coverage of Plaintiff's damage and chose to rely solely on its own consultants.

36. CERTAIN UNDERWRITERS by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

37. CERTAIN UNDERWRITERS by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the hurricane winds and water damages to the subject property.

38. As of this date, CERTAIN UNDERWRITERS by and through its adjusters and representatives have failed to fully pay for the hurricane winds and water damages to Plaintiff's property.

39. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

40. Defendant, CERTAIN UNDERWRITERS, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

41. Defendant, CERTAIN UNDERWRITERS has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

42. As of this date Defendant, CERTAIN UNDERWRITERS continues to be in breach of the contract.

43. CERTAIN UNDERWRITERS ignored the information provided by Plaintiff and its public adjuster during the handling of the claim and did not make any additional payment to indemnify Plaintiff for the full amount of the covered damages.

44. CERTAIN UNDERWRITERS failed to make any payment after receipt of the additional information from Plaintiff and its public adjuster.

45. The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR OR DECEPTIVE PRACTICES ACT

46. Each of the foregoing paragraphs is incorporated by reference in the following.

47. Defendant CERTAIN UNDERWRITERS is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. Defendant's conduct constitutes multiple violations of the Texas Unfair or Deceptive Practices Act.

1. Misrepresenting a material fact or policy provision relating to coverage at issue;

   a. Making an untrue statement of material fact. CERTAIN UNDERWRITERS through its agents, employees, or consultants prepared an estimate of damages that was misleading as to the value of damages to the subject property stating the total damages were only valued at $81,664.67.

   b. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made. CERTAIN UNDERWRITERS through its agents, employees, or consultants failed to advise Plaintiff that it failed to perform proper testing of the buildings and property in order to more accurately investigate and evaluate the damages resulting from the covered perils of hurricane, wind and rain.

      c. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. CERTAIN UNDERWRITERS through its agents, employees, or consultants advised Plaintiff and its public adjuster that it had investigated and evaluated the damages to the subject property resulting from the August 25, 2017 hurricane and concluded its coverage determination, thereby misleading the Plaintiff to conclude that a proper and complete investigation had been performed.

2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear. CERTAIN UNDERWRITERS failed to consider reports provided by Plaintiff and failed to utilize information in the reports that would support coverage of Plaintiff's damages.

3. Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim. To date, Defendant has failed to provide a reasonable explanation of the basis of its denial of coverage for all of Plaintiff's damages.

4. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. CERTAIN UNDERWRITERS through its agents, employees, or consultants failed to request its employees, agents, or consultants to perform proper testing of the buildings at the subject insured property in order to properly evaluate the extent and value of damages resulting from the Hurricane Harvey event of August 25, 2017.

48. Defendant's unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of the buildings to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the buildings and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate resulted in Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III – VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT

49. Each of the foregoing paragraphs is incorporated by reference here fully.

50. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act - Tex. Ins. Code Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

51. Specifically, Defendant failed to accept or reject Plaintiff's claim within the time period or notify the Plaintiff why it needed more time, as required by Tex. Ins. Code 542.056.

52. Defendant failed to timely conduct a proper investigation of the damages to the subject property resulting from a covered peril. resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

53. Defendant's failure to give adequate consideration to the information provided by Plaintiff's public adjuster, which made liability reasonably clear, resulted in

additional delay of payment of the claim after having sufficient information to make any additional payment for such claim.

54. CERTAIN UNDERWRITERS ignored the information provided by Plaintiff and Plaintiff's public adjuster during the handling of the claim and did not make any additional payment.

55. CERTAIN UNDERWRITERS, upon receipt of the Richard Clarke estimate from Plaintiff, had sufficient information to make full payment to Plaintiff for the damages, but as of this date has failed to do so.

## COUNT IV - BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

56. Each of the foregoing paragraphs is incorporated by reference here fully.

57. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

58. Defendant failed to conduct a proper and thorough evaluation, failing to perform adequate testing of the buildings to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the buildings and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate.

59. Defendant's failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

60. CERTAIN UNDERWRITERS ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make any additional payment.

61. CERTAIN UNDERWRITERS failed to make any payment after receipt of the additional information from the public adjuster and Richard Clarke, when CERTAIN UNDERWRITERS knew or should have known liability was reasonably clear.

## COUNT V – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

62. Each of the foregoing paragraphs is incorporated by reference here fully.

63. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant, CERTAIN UNDERWRITERS and the products and services form the basis of this action.

64. Defendant CERTAIN UNDERWRITERS has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

  a. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendant CERTAIN UNDERWRITERS took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapters 541 and 542 of the Texas Insurance Code;

  b. Generally engaging in unconscionable courses of action while handling the claim; and/or

  c. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

## **KNOWLEDGE AND INTENT**

65. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## **DAMAGES AND PRAYER**

66. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complains of Defendant CERTAIN UNDERWRITERS' acts and omissions and pray that, Defendant be cited to appear and answer and that upon a final trial on the merits, Plaintiff recover from Defendant the following:

67. Plaintiff would show that the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

68. For breach of contract by Defendant, CERTAIN UNDERWRITERS, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec. 38.001 *et seq*.

69. For noncompliance with the Texas Unfair or Deceptive Practices Act by Defendant, CERTAIN UNDERWRITERS, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks **for three (3) times** its actual damages, pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

70. For noncompliance with the Texas Prompt Payment of Claims Act by Defendant, CERTAIN UNDERWRITERS, Plaintiff is entitled to the amount of its claim,

as well as ten (10) percent interest per annum post judgment interest, together with reasonable and necessary attorney's fees, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, pursuant to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

71. For violations of the common law duty of good faith and fair dealing by Defendant, CERTAIN UNDERWRITERS, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

72. For noncompliance with the Texas Deceptive Trade Practices Act ("DTPA") by Defendant, CERTAIN UNDERWRITERS, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages and mental anguish damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** its damages, pursuant to the DTPA and Tex. Ins. Code Ann. Section 541.152 *et seq*.

## **JURY DEMAND**

73. Plaintiff respectfully demands a **trial by jury**.

SIGNATURE BLOCK ON FOLLOWING PAGE

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY: <u>/s/ *Phillip N. Sanov*</u>
**PHILLIP N. SANOV,**
**State of Texas Bar No. 17635950**
**Fed. Bar No. 1148342**
**CARLA R. DELPIT,**
**State of Texas Bar No. 24082183**
**Fed. Adm No. 2248226**
**One Galleria Tower**
**2700 Post Oak Blvd., 21st Floor**
**Houston, Texas 77056**
**Telephone:    (832) 583-5663**
**Facsimile:    (504) 313-3820**
**Email: psanov@panditlaw.com**
            **cdelpit@panditlaw.com**

**ATTORNEYS FOR PLAINTIFF**
**VINOD PATEL D/B/A**
**VICTORIAN INN**